IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP GARY GRANGER,

    Petitioner,                      No. CIV S-99-0703 DFL JFM P

    vs.

GLENN A. MUELLER, Warden,       ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 3, 2005, counsel filed a joint status report in which counsel for petitioner withdrew his second claim contained in the September 20, 2002 third amended petition. Counsel requests that the stay of this action be lifted and that the court reinstate the May 8, 2002 findings and recommendations.

        Good cause appearing, the stay of this action will be lifted and petitioner's request to withdraw the second claim will be granted. However, because the third amended petition is now the operative pleading herein, the court will reissue the prior findings and recommendations with appropriate changes to reflect the filing of the third amended petition.

I. Background

        After pleading not guilty and trial by jury, petitioner was convicted on November 27, 1995, of three or more acts of lewd and lascivious acts with a child; failure to appear on a

1

felony; and two counts of child abduction. (Second Am. Pet. at 1.) Petitioner was found to have three prior serious felonies: one 1990 Washington state burglary conviction, and two 1965 Oregon convictions for assault and robbery being armed with a dangerous weapon.[1] (Pet'r Mem. P. & A. at 2.) On September 19, 1995, petitioner was sentenced to sixteen years imprisonment on the lewd and lascivious act count, twenty-five years to life on each of the other counts, a two-year enhancement for committing a felony while released on bail, and a five-year enhancement for prior serious felonies pursuant to § 667, subdivision (a), all terms to run consecutively, for an aggregate sentence of 98 years to life. (Id. at 3.) Petitioner was represented by counsel.

Petitioner filed a timely appeal (C022753) through counsel. (Id.) Petitioner raised the following issues:

> I. The trial court erred in finding that a burglary conviction under Washington State law was the equivalent of a California burglary for purposes of the three strikes law;
>
> II. The trial court erred in finding that [petitioner's] convictions as a juvenile met the requirements of section 667, subdivision (d)(3) for purposes of the three strikes law;
>
> III. The court's instruction to the jury that it could not consider punishment violated [petitioner's] constitutional right to jury oversight of sentencing matters;
>
> IV. The court erred in refusing to give [petitioner's] requested pinpoint instruction designed to negate the existence of malice in abducting his children;
>
> V. The prosecution committed misconduct in eliciting evidence of uncharged crimes on [petitioner's] part;

/////

/////

---

[1] Prior to trial in the California case, petitioner filed a motion to strike his Oregon priors on the ground that the record of the plea proceedings in that case did not show on its face that he waived his constitutional rights. (Id. at 11.) Petitioner appended a declaration to that motion in which he declared: "I was not asked about and/or did not waive right to counsel, privilege against compulsory self-incrimination, right to jury trial and the right to confront accusers" in the Oregon case. (Id.) In the opposition to the motion to strike, the prosecutor conceded there was no transcript of the March 19, 1965 hearing at which petitioner's guilty pleas were entered. (Answer at 16.) The trial court denied the motion to strike. (Id.)

   VI.  Remand is necessary for resentencing as a result of the court's failure to articulate valid reasons for imposing consecutive sentences on Counts III and IV;

   VII.  The "Three Strikes" law is unconstitutionally vague and impinges upon constitutionally protected due process rights because it fails to give adequate notice of the specific punishment to be imposed;

   VIII.  The three strikes law is unconstitutional because it violates substantive due process by failing the "rationality test" applied to new legislation and violates the Equal Protection Clauses of the federal and state constitutions;

   IX.  Because the three strikes legislation set forth in section 667 changed the duties of judges and prosecutors, it could not properly be enacted as urgency legislation and therefore was not legally in effect at the time the present offense was committed;

   X.  The credits limitation contained in section 667, subdivision(c)(5), violates [petitioner's] federal and state constitutional rights to equal protection of the laws;

   XI.  The prior convictions in this matter [do] not come within the "three strikes" law because they occurred prior to March 7, 1994;

   XII.  [Petitioner's] sentence in this matter constitutes cruel and/or unusual punishment;

   XIII.  Section 667, subdivision (f), violates the separation of powers doctrine by eliminating the prosecutor's charging discretion.

(Id. at 3-4.)

   On May 29, 1997, the Third District Court of Appeal vacated the five-year enhancement under § 667(a) and remanded the case to the trial court with instructions "to exercise its discretion whether to strike one or both of [petitioner's] remaining prior convictions." (Pet'r Mem. P. & A. at 4-5.)  On October 24, 1997, the trial court declined to

/////

/////

/////

/////

dismiss the two prior convictions,[2] and reimposed the original sentence less the consecutive five-year term for the Washington prior, for a total aggregate term of 93 years to life. (Id. at 5.)

Petitioner again filed a timely appeal (C028234) through counsel. (Id.) On May 20, 1998, petitioner's counsel filed an opening brief pursuant to People v. Wende, 25 Cal.3d 436, 158 Cal.Rptr. 839 (1979). (Resp't Mot. to Dismiss, Ex. E.) On July 15, 1998, petitioner, in propria persona, filed a supplemental brief raising the following issues:

    I. Ineffective Assistance of Counsel;

    II. Trial Court Erred in Sentencing [Petitioner];

    III. Trial Court Erred in Sentencing [Petitioner]; [Petitioner] was Not or May Not Have Been Mentally Competent;

    IV. Trial Court Erred in Taking Admissions of [Petitioner's] Prior(s) Without Informing Him of Enhanced Sentence of 75 to Life;

    V. Trial Court Erred in Making Prejudicial Statements to Jury;

    VI. Trial Court Erred in Joining Unrelated Charges Against [Petitioner];

    VII. Ineffective Assistance of Counsel;

    VIII. Prejudicial Evidence Presented to Jury of a Totally Different Person and Case;

    IX. Magistrate Heard Preliminary With No Waiver of Judge;

    X. Triple Hearsay At Preliminary Hearing Was Prejudicial;

    XI. Ineffective Assistance at Trial;

    XII. Triple Hearsay at Preliminary;

    XIII. Trial Court Erred in Binding Counts I and II with Counts III and IV;

---

[2] "The trial court declined to exercise its discretion because in addition to [petitioner's] prior felony convictions, he had convictions for unauthorized use of a vehicle (1969), forgery (1970), second degree theft (1972), and assault in the first degree (1979)." People v. Granger, C028234 (November 20, 1998), at 3. (Attached to petitioner's petition for review before the California Supreme Court, appended as Exhibit C to respondent's July 27, 1999 motion to dismiss.)

4

       XIV. At All Times During the Prosecution, [Petitioner] was Denied Protection by the Law;

       XV. Trial Court Erred in Holding [Petitioner] to Answer for Constitutionally Invalid Plea on Strike Prior(s).

(Resp't Mot. to Dismiss, Ex. F.)

On November 20, 1998, the Court of Appeal affirmed the judgment. (Id. Ex. C, Attach. 1.) On December 16, 1998, the Court of Appeal denied petitioner's petition for rehearing. (Pet'r Direct Appeal, Attach. 1, filed April 9, 1999.) Petitioner, in propria persona, then filed a timely petition for review in the California Supreme Court (S076037). (Id. Ex. C.) (Pet'r Mem. P. & A. at 6.) He raised the following issues:

       I. Trial court erred in holding petitioner to answer for constitutionally invalid plea on strike priors;

       II. Trial court erred in joining unrelated charges against petitioner.

       III. At all times during the prosecution, petitioner was denied equal protection by the law;

       IV. Ineffective assistance of counsel at resentence hearing;

       V. Trial Court Erred in Sentencing [Petitioner];

       VI. Trial court erred in sentencing petitioner when petitioner was not or may not have been mentally competent;

       VII The trial court erred in finding that petitioner's convictions as a juvenile met the requirements of section 667, subd. (d)(3) for purposes of the three strikes law;

       VIII. The court's instruction to the jury that it could not consider punishment violated petitioner's constitutional right to present a defense, and to his constitutional right to jury oversight of sentencing matters;

       IX. The court erred in refusing to give petitioner's requested pinpoint instruction designed to negate the existence of malice in taking his children from abusive court-appointed guardian;

       X. The prosecution committed misconduct in eliciting evidence of uncharged crimes against petitioner;

       XI. The three strikes law is unconstitutionally vague and impinges on constitutionally protected due process rights because it fails to give adequate notice of the specific punishment to be imposed;

> XII. The three strikes law is unconstitutional because it violates substantive due process by failing the rationality test applied to new legislation and violates the equal protection clause of the federal and state constitutions;
>
> XIII. Because the three strikes legislation set forth in section 667 changed the duties of judges and prosecutors, it could not properly be enacted as urgency legislation and therefore was not legally in effect at the time of present conviction;
>
> XIV. The prior convictions in this matter do not come within the three strikes law because they occurred prior to March 7, 1994;
>
> XV. Petitioner's sentence constitutes cruel and unusual punishment;
>
> XVI. The trial court erred in taking admissions of petitioner on priors without informing him of enhancement of sentence of seventy-five years to life;
>
> XVII. Trial court erred in making prejudicial statements to the jury;
>
> XVIII. Ineffective assistance of counsel at trial;
>
> XIX. Prejudicial evidence presented to jury without the knowledge of petitioner;
>
> XX. Magistrate heard preliminary hearing with no waiver of judge;
>
> XXI. Triple hearsay at preliminary hearing was prejudicial.

(Id. at Ex. C.)

On February 24, 1999, the petition for review was denied by the Supreme Court without comment or citation. (Pet'r Mem. P. & A. at 7.) That denial stated: "Appellant's petitioner for review denied." (Pet'r Direct Appeal, Attach. 2, filed April 9, 1999.)

On April 9, 1999, petitioner, in propria persona, filed in this court a pleading styled "Direct Appeal." (Id.) On April 30, 1999, petitioner's filing was dismissed with leave to file a petition for writ of habeas corpus. On May 28, 1999, petitioner filed an amended petition for writ of habeas corpus raising all issues presented to the California Supreme Court. On February 3, 2000, after appointing counsel to represent petitioner, the amended petition was

/////

dismissed with leave to file a second amended petition. (Id. at 8.) On May 11, 2000, counsel for petitioner filed a second amended petition for writ of habeas corpus.

On September 20, 2002, petitioner was again granted leave to file an amended petition and his third amended petition was filed on that day. Ruling on the third amended petition was stayed. As noted above, counsel has now withdrawn the second claim and proceeds solely on the first claim contained therein.

II. Procedural Default

Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989). Generally, the only state law grounds meeting these requirements are state procedural rules. If there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. Harris, 489 U.S. at 262 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)).

The Ninth Circuit has explained the independent and adequate state ground requirement:

> A procedural default is not "independent" if, for example, the state procedural bar depends upon an antecedent determination of federal law. Similarly, the procedural default is not "adequate" if the state courts themselves bypass the petitioner's default and consider his claims on the merits, if the procedural rule appears to be discretionary, or, ordinarily, if the state fails to assert an interest in compliance with its procedural rules in the petitioner's federal habeas proceedings.

Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir. 1992) (citations omitted); see also Park v. California, 164 F.3d 1226 (9th Cir. 1999).

/////

The Supreme Court of California denied the petition for review without comment or citation. (Pet'r Direct Appeal, Attach. 2, filed April 9, 1999.) Because the Supreme Court offered no rationale for its decision, the court must look through to the last state court opinion. On November 20, 1998, the Third District Court of Appeal for California, stated that:

> Since we remanded the matter solely for the purpose of permitting the court the opportunity to exercise its discretion whether to strike one or more of [petitioner's] strikes, these issues are not reviewable on this appeal. (See People v. Webb (1986) Cal.App.3d 401, 410 [on remand for resentencing defendant not permitted to review of issues unrelated to purpose of remand].)

People v. Granger, C028234 (November 20, 1998), at 2-3. Thus, the Court of Appeal found the only reviewable issue was the trial court's refusal to exercise its discretion to strike one or more of petitioner's priors, id. at 3, rather than hear petitioner's new claim raised in his second direct appeal (and the instant petition).

Respondent argues that this Court of Appeal opinion renders petitioner's second amended petition procedurally barred because petitioner failed to raise the instant claim in his initial direct appeal. However, counsel for petitioner contends, inter alia, that the Court of Appeal decision was discretionary because in the case upon which Webb relies, Stanworth, the California Supreme Court invited appellant to assert grounds for attacking the underlying judgment, despite the general rule limiting review to remand issues. People v. Stanworth, 11 Cal.3d 588, 593-94, 114 Cal.Rptr. 250, 255 (1974) (overruled on other grounds). The Stanworth court "noted that challenges to a conviction which are presented for direct review after remand for resentencing may, in the discretion of the court, be construed as the functional equivalent of a habeas petition and decided on the merits" (Pet'r Traverse at 6), citing People v. Ketchel, 63 Cal.2d 859, 865-866, 48 Cal.Rptr. 614, 620-21 (1966)(deciding the merits of conviction-related issues presented to it by petition for review of a second penalty phase).

Counsel for respondent argues that where a judgment is affirmed on the first appeal but the case is remanded for a limited purpose, the issues which may be raised on a

second appeal are generally limited by the remand order, citing People v. Deere, 53 Cal.3d 705, 280 Cal.Rptr. 424 (1991) and People v. Senior, 33 Cal.App. 4th 531, 41 Cal.Rptr.2d 1 (1995.)  In Deere, an appeal from a capital murder conviction, following reversal of the death penalty imposed at the first trial, the court stated that defendant could not raise claims of ineffective assistance allegedly occurring at the guilt phase of the first trial.  Deere, 53 Cal.3d at 713.  The court said that contentions relating to the guilt phase were considered and rejected on defendant's first appeal, and, although the judgment was reversed as to the penalty, it was "affirmed in all other respects." Id.  Thus, only errors relating to the penalty phase retrial could be considered on the subsequent appeal. Id.

But in Senior, although the court found that Senior could have raised the issue in his initial appeal, there was no reasonable basis for his failure to do so, and thus Senior was procedurally barred, the court stated a defendant *may* be deemed to have waived the right to raise the issue in a subsequent appeal, absent a showing of good cause or justification for the delay, suggesting the decision is discretionary. Senior, 33 Cal.App. 4th at 531 (emphasis added).

In light of the above, this court finds that the procedural rule relied upon by the Court of Appeals was discretionary.  None of the cases cited set forth a clear, well established and consistently applied state rule which is required to create a procedural default.  Accordingly, the claim presented by petitioner in his second state habeas petition is not procedurally defaulted. Harmon, 959 F.2d at 1461.  Thus, the court will turn to the merits of petitioner's claims.

II. Merits

Petitioner's third amended petition contains one ground for relief:  "Because Mr. Granger's Pleas to the Oregon Priors Were Not Knowing, They Were Constitutionally Invalid and May Not Be Used as a Sentencing Enhancement or a Basis For a "Three Strikes" Sentence. (Second Am. Pet. at 4.)  The Supreme Court has held that relief is generally unavailable to a state prisoner through a petition for a writ of habeas corpus when the prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior

conviction for which the petitioner is no longer in custody.  <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001).  Petitioner's claim can be read as asserting a challenge to the 1995 conviction as enhanced by the allegedly invalid prior conviction, thus satisfying the "in custody" requirement for federal habeas jurisdiction.  <u>Maleng v. Cook</u>, 490 U.S. 488, 493-94 (1989)(per curiam).  However, because petitioner's prior conviction "is no longer open to direct or collateral attack in its own right because [petitioner] failed to pursue those remedies while they were available (or because the [petitioner] did so unsuccessfully (see footnote 1, <u>supra</u>)), the conviction may be regarded as conclusively valid."  <u>Lackawanna</u>, 532 U.S. at 403.[3]  Thus, the petition for habeas corpus relief must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 3, 2002 stay of this action is lifted;

2. The Clerk of the Court is directed to reopen this action; and

3. Petitioner's request to withdraw the second claim contained in petitioner's third amended petition is granted.

IT IS HEREBY RECOMMENDED that petitioner's third amended application for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

---

[3] Although the Supreme Court acknowledged that they previously "left open the possibility that relief might be appropriate in rare circumstances," <u>Lackawanna</u> at 397 citing <u>Daniels v. United States</u>, 532 U.S. 374 (2001), the instant case does not present such a circumstance.  <u>Lackawanna</u> carved out an exception for those cases where there was a failure to appoint counsel in violation of the Sixth Amendment.  <u>Lackawanna</u> 532 U.S. at 404.  Petitioner's case does not fall within that exception because he had counsel when he entered his guilty plea to the 1965 charges, and has had counsel through most of his appellate proceedings as noted above.  He doesn't meet the other exception either.  <u>Id.</u> at 405 (claim of actual innocence).

1  shall be served and filed within twenty days after service of the objections.  The parties are
2  advised that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:  October 11, 2005.

                                                      UNITED STATES MAGISTRATE JUDGE

8  /01; gran0703.157r